

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4038 | **DATE** | 5/30/2002 |
| **CASE TITLE** | Alex Volkov vs. Allied Interstate, Inc. and Allied Interstate West, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Court finds that the provisions for notice to the class satisfy the requirements of Fed.R.Civ.P. 23 and due process. The Court finds that the settlement is fair and reasonable, and hereby approves the Class Settlement Agreement submitted by the parties. The Court dismisses the claims of plaintiff and the class against defendants with prejudice and without costs (other than what has been provided for in the settlement). The Court retains jurisdiction over the interpretation, enforcement and implementation of the Settlement Agreement and of this Order. Enter Final Approval Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 3 1 2002 date docketed | |
| | Notified counsel by telephone. | | | 31 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/30/2002 date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX VOLKOV, | ) | |
| Plaintiff, | ) | Case Number: 01 C 4038 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| ALLIED INTERSTATE, INC. and | ) | Magistrate Judge Ian H. Levin |
| ALLIED INTERSTATE WEST, INC., | ) | |
| Defendants. | ) | |

**DOCKETED**
MAY 3 1 2002

## FINAL APPROVAL ORDER

On March 15, 2002, this Court preliminarily approved the settlement reached between plaintiff, Alex Volkov ("plaintiff"), and defendants, Allied Interstate, Inc. and Allied Interstate West, Inc. ("defendants"). The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 6,848 class members. Of the 6,848 notices mailed, 31 notices were remailed and of 802 envelopes were returned by the United States Postal Service marked not deliverable and no forwarding addresses were available.

The parties received 1 opt out (attached as Appendix A of this order) from class members and no objections.

The parties received 1,170 claim forms returned by class members, indicating they wish to participate in the settlement.

On May 30, 2002, the Court held a fairness hearing to which members of the class, including any with objections, were invited. The Court being duly advised in the premises, **IT IS HEREBY ORDERED**:

1. The Court finds that the provisions for notice to the class satisfy the requirements of Fed.R.Civ.P. 23 and due process.

1

2. The Court finds that the settlement is fair and reasonable, and hereby approves the Class Settlement Agreement submitted by the parties, including the release and the payment by defendants of: (i) $1,500.00 to the plaintiff, (ii) $13,750.00 in fees and costs to counsel for the class, and (iii) that defendants shall pay $39,50.00 pro rata by check to those class members who submitted a claim form, and the plaintiff.

3. **Cy Pres:** Class checks must be cashed with 120 days. Any uncashed money will be donated to the Legal Assistance Foundation of Metropolitan Chicago.

4. **Release.** Plaintiff and each class member not opting out shall, as of the Effective Date, be deemed to have given defendants, its officers, directors, insurers, employees, successors, assigns and agents, a full release, which shall forever bar them from asserting any claims arising from the allegations in the complaint. This release is contingent on payment by defendants to plaintiff, the class and plaintiff's attorney. This release also does not release any claims for actual damages.

5. The Court finds the Settlement Agreement fair and made in good faith.

6. The Court dismisses the claims of plaintiff and the class against defendants with prejudice and without costs (other than what has been provided for in the settlement).

7. Defendants represent that they have ceased use and intends no longer using the letter represented by <u>Exhibit A</u> to Plaintiff's complaint in connection with the collection of a debt.

8.  The Court retains jurisdiction over the interpretation, enforcement and implementation of the Settlement Agreement and of this Order.

Enter: May 30, 2002

The Honorable Rebecca R. Pallmeyer
United States District Judge

# APPENDIX A

977 Stephen Avenue
Elgin, IL 60123
April 17, 2002


Clerk of the United States District Court
 for the Northern District of Illinois
219 South Dearborn Street
Suite 2722
Chicago, IL 60604

Daniel A. Edelman et al.
Edelman, Combs & Latturner, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

Scott Thomas/Raymond Persin
Thomas & Persin
500 West Madison
Suite 2790
Chicago, IL 60610


RE: Alex Volkov v. Allied Interstate, Inc. and Allied Interstate West, Inc.
Case Number 01 C 4038


To Whom It May Concern:


I hereby "opt-out" of the proposed settlement and any other action involving the above-referenced suit. My reason for opting out is that I have never had any actual dealings with Allied Interstate or Allied Interstate West, and therefore am not a legitimate member of this class.

My name appears on Allied Interstate's records because of a fraudulent bill from Verizon Wireless which was turned over to Allied Interstate for collection. This bill was a small part of a much larger and ongoing case of identity theft, in which the perpetrator purchased a total of 6 cellular phones from Verizon Wireless, all in my name and without my knowledge. When I received a request for payment from Allied Interstate and notified Allied Interstate that bill involved identity fraud, Allied Interstate immediately suspended its collection efforts and directed me to the Verizon Wireless Fraud Department, where the matter was eventually resolved.

Please contact me if you have any questions regarding this matter.


Sincerely,

Paul E. Peterson